UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | } | |
| | } | |
| LARRY R. FRETWELL | } | CASE NO. 08-82090-JAC-7 |
| SSN: XXX-XX-5358 | } | |
| STACEY A. FRETWELL | } | |
| SSN: XXX-XX-2339, | } | |
| | } | CHAPTER 7 |
| Debtor(s). | } | |
| LARRY FRETWELL | } | A.P. No. 10-80072 |
| | } | |
| Plaintiff(s), | } | |
| v. | } | |
| | } | |
| CHARLES WEEKS | } | |
| | } | |
| Defendant(s). | } | |

**MEMORANDUM OPINION**

On October 19, 2010, this case came before the Court on the parties' cross motions for summary judgment. This opinion supplements the findings of facts and conclusions of law dictated into the record in open court.

### I. BACKGROUND

1. On July 14, 2008, debtors filed the above styled Chapter 7 bankruptcy case.

2. On November 21, 2008, the Court entered an order granting the debtors' Chapter 7 discharge and closed the case.

3. On July 6, 2010, the debtor Larry Fretwell ("Fretwell") filed a motion to reopen case to avoid a preference which the Court granted on July 7, 2010.

4. On July 21, 2010, Fretwell and the Chapter 7 trustee filed the above styled complaint to avoid the judicial lien of Charles Weeks ("Weeks") as a preferential transfer pursuant to 11 U.S.C. § 547 of the Bankruptcy Code on the grounds that same was recorded on April 17, 2008 within 90 days of the petition date. Alternatively, Fretwell seeks to avoid Weeks' judicial lien pursuant to 11 U.S.C. § 522(f)(1).

## II. CONCLUSIONS OF LAW

The trustee's avoiding powers are limited by 11 U.S.C. § 546 of the Bankruptcy Code which reads in relevant part:

> **(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the *earlier of* --**
>
> **(1) the *later of*--**
> **(A) 2 years after the entry of the order for relief; *or***
>
> **(B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); *or***
>
> **(2) the time the case is closed or dismissed.**

11 U.S.C. § 546(a) (emphasis added).

To calculate the bar date for filing a preference action under § 546, the Court must first determine the applicable date under § 546(a)(1) which is the *later of* (i) two years after the order for relief, or (ii) one year after the appointment of the trustee. Here the order for relief was entered on July 14, 2008 and the trustee was appointed on the same date. Hence,

2

Case 10-80072-JAC    Doc 22    Filed 10/21/10    Entered 10/21/10 10:29:14    Desc Main
Document      Page 2 of 4

the applicable time period under § 546(a)(1) is July 14, 2010, the later date of two years after the order for relief was entered. The applicable time period under § 546(a)(2) is November 21, 2008, the date the case was closed. Section 546(a) then provides that the bar date is the *earlier of* the date under § 546(a)(1) which is July 14, 2010, or § 546(a)(2) which is November 21, 2008. Accordingly, the bar date for filing a preference action in this case was November 21, 2008.

As this action was not filed until July 21, 2010, same is time-barred. Even if the applicable bar date had been the full two-year statute of limitation date of July 14, 2010 provided for under § 546(a)(1), the complaint would be barred as same was filed after July 14, 2010.

The Court further finds that the debtor's action under § 522(f) is barred by the doctrine of laches. While § 552(f) does not set a time limit within which an action to avoid lien must be filed, this Court has consistently followed the line of cases applying the doctrine of laches to lien avoidance actions. "Laches is an equitable defense which allows a court to dismiss an action when there exists inexcusable delay in instituting an action and prejudice to the non-moving party as a result of the delay. *In re Levy*, 256 B.R. 563, 566 (Bankr. D. N.J. 2000). In this case, the plaintiff has presented no excuse for the delay in bringing this action more than two years after this case was initial filed and more than twenty months after the case was closed. The defendant alleges, however, that the delay has caused him to face the difficult task of having to hire an expert to determine what the value of the debtor's property

3

Case 10-80072-JAC    Doc 22    Filed 10/21/10    Entered 10/21/10 10:29:14    Desc Main
Document      Page 3 of 4

was more than two years ago as of the petition date. It would be difficult if not impossible to prove the value of the debtor's property at the time of filing given the exceptional economic times this country has faced in the last two years. Accordingly, the Court finds that the debtor's §522(f) action is barred by the doctrine of laches.

A separate order will be entered consistent with this opinion.

**DONE and ORDERED** this date: October 21, 2010.

/s/  Jack Caddell
Jack Caddell
United States Bankruptcy Judge

JAC/mhb
xc:   Debtor(s)
      Rebecca Narmore, attorney for plaintiff(s)
      Gary Wilkinson, attorney for defendant(s)
      trustee

4